**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Case No. 2:25-CV-195-PPS-AZ |
| RITA HARPER, *et al*, ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Movant Gary A. Goldman's Renewed Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention with Request for Thirty-Day Extension of Time to File Pleadings [DE 28], filed on October 10, 2025. This is an interpleader action in which Defendant Hart is expected to receive proceeds from a decedent's estate. Goldman holds a judgment against Hart in an unrelated case and wishes to intervene in this matter to collect on that judgment. For the following reasons, Gary A. Goldman's Motion is **DENIED**.

### Background

Plaintiff Midland National Life Insurance Company filed this interpleader action regarding annuity payments from the estate of Marion Mack. DE 1 at 1. Midland has asked the Court to resolve a dispute related to a beneficiary designation. *Id.* at 2-4. Defendant Kim Hart is designated to receive 2% (or approximately $9,000) of the proceeds regardless of which designation is determined valid. *Id.* at 3. On June

2, 2025, Gary Goldman filed a registration of foreign judgment in the Northern District of Indiana seeking to enforce a judgment of $82,605.89 he obtained against Hart in an unrelated case from the Northern District of Georgia. *See* Case No. 2:25-cv-418, DE 1. The most recent docket entry in that matter directed Goldman to move for proceedings supplemental. Case No. 2:25-cv-418, DE 43. Goldman has moved under Federal Rule of Civil Procedure 24 to intervene in the case as an alternative means of collecting on his judgment against Hart. DE 28.

## Analysis

### I. Intervention of Right

Rule 24(a) provides a right to intervene if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

A proposed intervenor must satisfy four elements: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (internal citations omitted). If even one of these elements is not proven, the Court must deny the motion. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001).

As a preliminary matter, the Court finds that Goldman's motion is timely even

though he waited one month to file the motion because such a small delay would not by itself affect how this case proceeds. One month is also reasonable given that Goldman is proceeding without an attorney. The more substantive elements of Rule 24 are addressed below.

### A. Interest in the Litigation

The Seventh Circuit has explained that an interest in litigation under Rule 24(a)(2) is more than what is required for standing under Article III of the Constitution:

> [T]he interest required by Article III is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it. There must be more. Rule 24(a)(2) requires that the applicant claim "an interest relating to the property or transaction that is the subject of the action." "Interest" is not defined, but the case law makes clear that more than the minimum Article III interest is required. Cases say for example that a mere "economic interest" is not enough. While that is a confusing formulation—most civil litigation is based on nothing more than an "economic interest"—all that the cases mean is that the fact that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit—maybe you're a creditor of one of them—does not entitle you to intervene in their suit.

*Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) (internal citations omitted). There is little room for guesswork on how this standard applies to this case. Goldman's interest in the case is purely economic; he is merely a creditor to Hart's proceeds. He has no substantive interest in the litigation itself. Other districts within this Circuit have held that a movant who seeks to intervene to merely protect his ability to collect debt does not have an interest in the subject matter of the original dispute. *See, e.g., S.E.C. v. Falor*, 270 F.R.D. 372, 376 (N.D. Ill. 2010).

Goldman contends he has substantive interest in this case because his

judgment against Hart stems from her relationship to the Mack Estate. DE 23 at 3. He does not elaborate on what this means other than claiming that Hart's acceptance of the beneficiary designation is a continuing violation of some other contractual obligation she owes him. *Id.* at 4. Without more context or explanation, Goldman's prior relationship with Hart is irrelevant to this case. Goldman has failed to explain how his interest in proceeds that Hart may recover in this case would affect the outcome or direction of the lawsuit. On the contrary, he would have no role in adjudication in this lawsuit if he were permitted to intervene. By his own admission, Goldman would not contribute anything to the case. He would not exchange discovery, be deposed, file a dispositive motion, nor participate in any trial. He would simply wait for the case to resolve and then demand Hart's proceeds be dispersed to him instead. This is an exemplar of a purely economic interest, and one which is explicitly disallowed by legal precedent.

    **B. Impairment**

Impairment requires a court to determine "whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." *City of Los Angeles v. United Air Lines*, No. 06 C 1084, 2006 WL 1898037, at *3 (N.D. Ill. July 7, 2006) (*citing American Nat'l Bank & Trust Co. of Chicago v. City of Chicago,* 865 F.2d 144, 147–48 (7th Cir. 1994). When "intervention is sought merely as a matter of convenience, the intervention may be denied as a matter of right. *Id. (citing Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir. 1994) (concluding that no impairment was shown where proposed

intervenor could bring a separate suit to recover his interest).

Goldman seeks to use intervention in this matter as a convenient method of obtaining a portion of his judgment against Hart. But nothing in this case prevents him from filing another lawsuit to obtain his judgment proceeds. In fact, Goldman has already done that in this District. Goldman nevertheless complains that litigation against Hart directly is "impractical" because Hart has a history of hiding money or property to avoid collection. DE 34 at 2. But those obstacles, if true, do not justify his intervention in this case for mere convenience. This case will not affect Goldman's legal rights, or even the amount he could possibly collect, since Hart is set to receive the 2% annuity regardless of how the case is resolved. Thus, Goldman's rights are not impaired or impeded by the instant action.

### C. Adequate Representation

"The requirement of the Rule is satisfied if the applicant shows that representation of his interest may be inadequate." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019). Where the prospective intervenor and the named party have "the same goal," however, there is a rebuttable presumption of adequate representation that requires a showing of "some conflict" to warrant intervention. *Id.*

Here, while Goldman is antagonistic to Hart, he is not adversarial. That is, they actually have the same goal in this litigation: for Hart to receive the maximum amount possible from the annuity. But Goldman himself has no direct interest in the estate proceeds to represent. He does not have a claim to how the annuity should be

distributed, nor does he dispute Hart's involvement in the annuity contract. He simply seeks to assert his right as a creditor over Hart's proceeds, which is ultimately irrelevant to the resolution of this case.

Goldman's motion to intervene of right fails on all three of the above elements.

## II.    Permissive Intervention

Alternatively, Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Rule 24(b) vests district courts with considerable discretion when deciding whether to permit intervention by third parties seeking to protect their interests in a particular action." *Griffith v. University Hosp., LLC*, 249 F.3d 658, 661-62 (7th Cir. 2001) (quotation marks omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). There must also be independent jurisdiction over the prospective intervenor's claim. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). A court should further consider "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the action and to just and equitable adjudication of the legal questions presented." *Riverstone Grp., Inc. v. Big Island River Conservancy Dist.*, No. CIV.A. 05-4020, 2005 WL 2001154, at *5 (C.D. Ill. Aug. 11, 2005).

Goldman has not persuaded me to permit him to intervene in this lawsuit. Goldman contends that "[t]he primary legal questions include the priority rights of

judgment creditors to debtor's assets, the enforceability of registered federal judgments against subsequently discovered assets, the rights of creditors to intervene in interpleader actions affecting debtor assets, and the effect of a debtor's acceptance of benefits in violation of pre-existing contractual obligations." DE 23 at 7. But none of the legal questions posited by Goldman have any bearing on how the annuity contract should be disbursed. Instead, they relate to Goldman's unrelated private agreement with Hart that she share the proceeds of the annuity. If Hart's acceptance of any disbursement would constitute breach of their contract, that cannot be redressed in this lawsuit and must be resolved elsewhere.

Ultimately, my decision to deny permissive intervention boils down to this: Goldman's intervention would contribute nothing to this case. Permitting Goldman to intervene this case would unnecessarily complicate the issues in this case by requiring this Court to permit discovery and weigh in on issues that are immaterial to the disposition of this lawsuit such as the validity of Goldman's judgment against Hart, any contracts they had between them, and Goldman's right to any garnishment. Goldman has already initiated a separate lawsuit in which he can raise these issues. To permit him to also do so here would be duplicative and judicially wasteful.

## Conclusion

For the reasons explained above, Movant Gary A. Goldman's Renewed Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention with Request for Thirty-Day Extension of Time to File Pleadings is **DENIED**.

**SO ORDERED** this 18th day of December 2025.

                                                  s/ *Abizer Zanzi*
                                                  MAGISTRATE JUDGE ABIZER ZANZI
                                                  UNITED STATES DISTRICT COURT

Cc: all counsel of record;
     Gary A. Goldman, *pro se*
     3060 Water Brook Drive SW,
     Conyers, GA 30094